GEORGE TRASK, David Trask, Kamai, Kanalulu, Palahu, Panui, Waianuhea and Albert Trask *vs.* J. W. PAKIKO and the minor children of Antone Manuel, deceased, and Rt. Rev. H. Koeckmann, their guardian.

APPEAL FROM DECISION OF McCULLY, J.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNANDER, J., absent.

Upon satisfactory evidence that the defendant Pakiko had fraudulently procured a conveyance to be made to himself (jointly with one other) of certain premises, he is declared to hold his legal title in trust for Albert Trask, and is ordered to make a conveyance of this one-half interest to the said Albert Trask, and to indemnify and protect him against a mortgage he had made on the premises.

OPINION OF THE COURT.

Having heard the arguments of counsel and having examined the pleadings and proofs in the case, we are of the opinion that the decision of Mr. Justice McCully, appealed from, should be adopted, and the decree by him made affirmed, and it is accordingly so ordered.

*W. A. Kinney,* for plaintiffs.

*M. Thompson,* for defendants.

————

DECISION OF McCULLY, J., APPEALED FROM.

The bill alleges in the first four paragraphs that one Keawe-

kolohe was seized of certain premises upon which he placed a mortgage and afterwards a second mortgage and further afterwards conveyed the premises to another party, Queen Emma, by a deed absolute on the face, but intended solely as security for a debt, Keawekolohe still retaining possession and exercising ownership.

That thereafter James I. Dowsett, at the solicitation of the plaintiff, to save the premises from sale under foreclosure, took an assignment of the two mortgages, also a deed without consideration from Queen Emma by way of mortgage, and not as a deed in fee of said premises.

That thereafter, one Moekauhane, mother of Albert Trask, one of the plaintiffs, and step daughter of Keawekolohe, with the consent of Keawekolohe, undertook to raise by contribution of the relatives and friends an amount sufficient. to pay off the three mortgages, with the understanding that conveyance of the. premises be then made to Albert Trask.

That in pursuance of said agreement and for other considerations, Keawekolohe conveyed the premises to Albert Trask, May 17, 1877, who then recorded it.

That some time or times previous to August 18, 1879, Albert Trask and the other plaintiffs contributed over four hundred dollars which they paid to James I. Dowsett in full satisfaction of the liens held by him, but that no conveyance was then made.

That thereafter the said Moekauhane and the defendant Pakiko, who is charged to have been her paramour, conspiring and with intent to defraud Albert Trask, requested Mr. Dowsett to convey the legal title to them, on which he, ignorant of the equities of the case, made them a joint deed of the premises without consideration.

The bill then charges that said Pakiko was well aware of the facts and equities above alleged, and says that he was thereby guilty of fraud, and that the deed is a cloud on the plaintiff's title, and that Pakiko holds the legal title of one-half interest for Albert Trask. .

Moekauhane has deceased leaving the legal title of her half to Albert and David Trask, who is willing to convey his part to Albert. That prior to the death of Moekauhane, she and Pakiko mortgaged the premises.

The present holders of the mortgage have been joined as parties, and answer, submitting to the Court.

That plaintiffs believe and fear that defendant is making away with his property, with fraudulent intent, and decline to convey to Albert Trask.

The bill prays that Pakiko be declared to hold the legal title to one-half the premises in trust and for the use of Albert Trask, and that he be ordered to reconvey to him, and that he be compelled to indemnify and protect the said Albert Trask against the mortgage made by him.

The defendant's answer denies that the conveyance to Queen Emma was of the nature of a mortgage, and that Keawekolohe continued to retain possession as owner. Admits that Mr. Dowsett took assignments of the two mortgages and a deed from Queen Emma, but denies that he took it knowing it to be intended for a mortgage, and that he so treated it.

It disclaims knowledge of the contribution of money by the relatives of Albert Trask, and the payment of the mortgages by Moekauhane, and alleges that he, the defendant, furnished the money and paid off the mortgage. The answer further denies, with great particularity, knowledge of all the material averments of the bill, but it does not appear to me necessary to enlarge this opinion by setting out a further abstract.

### By the Court.

The only evidence in support of defendant's denial and averments is his own testimony. In my view the deed from Mr. Dowsett upon which is based his title goes far to contradict him. The grantees are Moekauhane (w.) and Pakiko; the consideration is one dollar. Now if the deed to Queen Emma was not treated as a mortgage, and her deed to Mr. Dowsett likewise, and if Pakiko only paid off the mortgages, why should he, several years after, ask, and Mr. Dowsett give him gratuitously,

a deed of the land; and if Pakiko paid all the money to and did all the business with Mr. Dowsett, why should the grant be made jointly to Moekauhane, whose name is first in the deed.

But we have the testimony of Mr. Dowsett, very distinct and explicit, that he did not consider the deed from Queen Emma as anything but an additional security; that he never took possession of the land; and that when the sums due on the first and second mortgages were paid, he had no further equitable claim on the land. He testifies that the money was paid him by Moekauhane, whom he well knew, and not by Pakiko; and that when, after a long delay and neglect of the parties, Moekauhane requested him to give her a deed of the premises, he gave it to her and joined Pakiko at her request. He testifies that Moekauhane always transacted the business respecting the payments in the attitude of one acting for others with her for the family. The evidence of many credible witnesses abundantly proves that Pakiko was cognizant of the contributions made for the payment of the mortgages. He himself has shown this by sundry payments he had made to contributors, for which he shows receipts. He alleges and he testifies that he made the payments of the mortgages. He shows receipts purporting to be from Moekauhane for $150, $20 and $10, contributed toward the payment of the mortgages; as a witness to receipts he signs his own name. These papers and all the signatures are, to appearance, in the same handwriting. I doubt their genuineness. But it is inconsistent with Pakiko's testimony, and claim that he did the business with and paid the money to Mr. Dowsett, that he should have paid it to Moekauhane; nor do these amounts make up the amounts which were paid to Mr. Dowsett. Who paid the rest? Why does not Pakiko show receipts from Mr. Dowsett? He was very particular and formal about receipts, as these thus shown, and some others which he exhibits for payments, which he testifies that he made to some of the contributors, so that he should be able to show receipts from Mr. Dowsett if he ever dealt with him.

I find that the answer of Pakiko and his testimony are false

It is my opinion, (leaving the question of whether he contributed anything to the fund an open one), that he took advantage of his knowledge of what had been done, and of the affection of Moekauhane, his paramour, and so induced her to procure the deed from Mr. Dowsett to her and himself, well reckoning that Mr. Dowsett might consider that what Moekauhane requested would be proper.

I will sign a decree in accordance with the prayer of the bill.